[Crim. No. 1384. Third Appellate District.—August 11, 1934.]

## THE PEOPLE, Respondent, v. A. F. McCARTHY, Appellant.

J. B. Thomas and Norman Johnson for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was found guilty of the crime of grand theft upon an information charging that on or about the twenty-eighth day of June, 1932, in the county of Mendocino, he did feloniously take a certain well-drilling outfit and equipment of the value of $500, the property of one Walter J. Steiner, and appropriated the same to his own uses and purposes.

The cause was tried before the court sitting without a jury, and on the ninth day of May, 1934, after trial upon the information referred to, the court found the defendant

guilty as charged. From the judgment thereafter entered upon such finding by the court the defendant appeals.

 Upon this appeal no authorities are cited to support the contention of the appellant that the trial court erred in denying his motion to dismiss the information; nor are any legal grounds assigned why the court erred in so doing. For these reasons we do not feel compelled to enter upon a discussion of the alleged error, but from a reading of the transcript we are satisfied that the court did not err in denying the defendant's motion to dismiss.

 The appellant further contends that the finding of the defendant guilty by the court is not sustained by the evidence, in that there is no intent to defraud; that no actual fraud was committed; that no false pretenses were used, and that no fraud was accomplished by means of false pretenses, etc.

The record shows that some time prior to the filing of the information herein, Walter J. Steiner was the owner of a certain well-drilling outfit and equipment, and at that time had become indebted to the defendant in the sum of approximately $81; that the defendant and Steiner had several conversations relating to the indebtedness just mentioned, and after negotiations had been carried on for some time, the parties, according to the testimony of Steiner, reached the conclusion that an agreement should be entered into between the defendant and Steiner which would give the defendant possession of the well-drilling outfit for some four or five weeks, during which time the defendant was to use said well-drilling outfit, and in this manner, through compensation for the use of the drilling outfit, recoup himself of the indebtedness then owing by Steiner to the defendant. With this in view the defendant went to the city of Ukiah to consult an attorney, and came back, not with an agreement, but with a bill of sale purporting to convey the well-drilling outfit from Steiner, the owner, to the defendant, the contention of Steiner being, and which contention was accepted by the trial court, that the transaction just mentioned was had for the purposes of giving security only to the defendant, and not for the purpose of transferring the title to the property from Steiner to the defendant. After the paper was signed, which in terms purported to be a bill of sale, it appears that the defendant took the paper, went

to a justice of the peace, and had the justice of the peace place a certificate of acknowledgment thereon in order that the instrument might be recorded. Whether ignorantly or intentionally, or whether at the instigation of the defendant does not appear, the justice of the peace placed a certificate upon the bill of sale, reciting that Walter J. Steiner had personally appeared before him and executed the bill of sale. This, of course, was not true, and of which the defendant Steiner had knowledge. The bill of sale was then recorded. Some time after the transaction just mentioned, the defendant borrowed of one McKinley the sum of $500, and to secure the payment thereof gave a chattel mortgage on the outfit in question. The sum of money actually received by the defendant was $493, all of which was appropriated to the uses and purposes of the defendant.

The foregoing recital of the facts appearing in the record we think sufficiently lays the basis to justify the trial court in coming to the conclusion that the defendant intended to defraud Walter J. Steiner; that he committed an actual fraud; that taking the property to use for four or five weeks in order to reimburse himself was merely a pretense for the purpose of gaining a color of title to the property in order that he might mortgage the same and obtain the money which we have just mentioned herein. It is evident from the recital that the defendant succeeded in accomplishing his fraudulent designs, and in securing for himself not simply a repayment, but a trifle over $400 in addition thereto.

The appellant argues that the circumstances present a case of embezzlement, but under section 484 of the Penal Code as it now reads, an information charging grand theft includes the offense of embezzlement, and also the offense of obtaining property by false pretenses.

The court in its memorandum opinion preceding the rendition of judgment mentioned the fact of the bad reputation of the defendant for truth, honesty and integrity, and accepted the version of the transaction given by Walter J. Steiner, all of which was a pure question for the trial court to determine.

Finding nothing of merit in the appeal, the judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.